UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RBC REAL ESTATE FINANCE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-11-cv-2507 |
| | § | |
| PARTNERS LAND DEVELOPMENT, LTD. | § | |
| and MATT L. SEIFFERT, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is the plaintiff's, RBC Real Estate Finance, Inc. ("RBC"), motion for summary judgment and consolidated brief in support. (Dkt. No. 12).  The defendants, Partners Land Development, Ltd., and Matt L. Seiffert (collectively, the "defendants"), have filed a response in opposition to RBC's motion (Dkt. No. 16) and RBC has filed a reply (Dkt. No. 17). After having carefully considered the motion, response, reply, the record and the applicable law, the Court determines that RBC's motion for summary judgment should be GRANTED.

**II.   FACTUAL BACKGROUND**

On or about May 26, 2005, Partners Land Development, Ltd. ("PLD") and Lake Houston -Walden, LP executed a Promissory Note (A&D Loan and Construction Loan Note) payable to RBC Centura Bank[1] in the principal amount of $1,354,000.00 (the "Atasca Oaks Note"). (Dkt.

---

[1] RBC Centura Bank subsequently changed its name to RBC Bank (USA).

No. 13, App. Pl.'s Mot. Summ. J. 1.)  To secure the indebtedness evidenced by the Atasca Oaks Note, PLD executed a Supplemental Deed of Trust and Security Agreement dated May 26, 2005 (the "Atasca Oaks Deed of Trust").  (*Id.*, App. 2).

On or about May 12, 2007, Lake Houston-Walden, L.P. and PLD executed a Note payable to RBC Centura Bank in the principal amount of $2,350,000 (the "Lake Houston Note"). (*Id.*, App. 4).  To secure the indebtedness evidenced by the Lake Houston Note, Lake Houston-Walden, L.P. executed a Supplemental Deed of Trust and Security Agreement dated May 12, 2007, pledging the Atasca Oaks property as security.  (the "Lake Houston Deed of Trust").  (*Id.*, App. 6).  As additional security for the indebtedness under the Lake Houston Note, a second Supplemental Deed of Trust and Security Agreement, dated May 12, 2007, and pledging the Lake Houston property as additional security was executed.  (*Id.*, App. 8).

In connection with both the Atasca Oaks Note and the Lake Houston Note, Matt L. Seiffert ("Seiffert") executed Guaranty agreements in which he "irrevocably and unconditionally" guaranteed the obligations under both the Atasca Oaks Note and the Lake Houston Note (the "Guaranties").  (*Id.*, App. 3, 10 & 22).  The Guaranties specifically provide, in relevant part, the following:

> Guarantor hereby irrevocably and unconditionally guarantees to Lender (and its successors and assigns) jointly and severally, the payment and performance of the Guaranteed Obligations as and when the same shall be due and payable, whether by lapse of time, by acceleration of maturity or otherwise.  Guarantor hereby irrevocably and unconditionally covenants and agrees that it is liable, jointly and severally, for the Guaranteed Obligations as a primary obligor, and that each Guarantor shall fully perform, jointly and severally, each and every term and provision hereof.

(*Id.*)

The Atasca Oaks Note and Deed of Trust, as amended, the Lake Houston Note and Deed of Trust, the Guaranties and related loan documents have been assigned and transferred to RBC RBC is the current owner and holder of such documents. (*Id.*, App. 11, 12 & 22).

PLD and Lake Houston-Walden, L.P. do not appear to dispute that default has occurred with respect to the Notes as a result of their non-payment. On June 2, 2008, RBC notified the defendants of their indebtedness due and owing under the Notes and demanded payment. (*Id.*, App. 13, 14 & 22). The defendants failed to pay the indebtedness due and owing under the Notes. Accordingly, RBC, after providing notice, foreclosed on the Atasca Oaks and Lake Houston properties on July 7, 2009 and December 1, 2009, respectively. At the time of the foreclosure sales, the principal amount owed on the Atasca Oaks Note totaled $449,008.84 and the principal amount owed on the Lake Houston Note totaled $1,759,895.99. The principal balance plus all applicable interest, late fees and other fees owed at the time of the foreclosure sale on the Atasca Oaks Note totaled $518,770.18 and on the Lake Houston Note totaled $2,048,660.04.

The foreclosure sale on the Atasca Oaks property generated $320,000.00 and the foreclosure sale on the Lake Houston property generated $1,759,895.99 in credits to be applied to the balance owed by the defendants, leaving a deficiency balance of $198,770.18 on the Atasca Oaks Note and a balance of $288,764.08 on the Lake Houston Note. (*Id.*, App. 22, ¶ 6). As of June 30, 2012, the principal balance owed on the Atasca Oaks Note equaled $253,534.97 and the total amount of interest accrued on the deficiency was $59,311.34, with interest continuing to accrue at a rate of $64.36 per day. (*Id.*, App. 22, ¶ 7). The principal balance owed on the Lake Houston Note, as of June 30, 2012, totaled $299,329.18, with the total amount of

interest accrued on the deficiency equaling $71,195.92, with interest continuing to accrue at a rate of $76.04 per day. (*Id.*).

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at

1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52, (1986)).

## IV.  ANALYSIS AND DISCUSSION

### A.  Liability Under the Atasca Oaks and Lake Houston Notes

In order to recover on a claim on a promissory note, "a plaintiff must prove the note in question, that the defendant signed the note, that the plaintiff is the legal owner and holder of the note, and that a certain balance is due and owing on the note." *Truestar Petroleum Corp. v. Eagle Oil & Gas Co.,* 323 S.W.3d 316, 319 (Tex.App.-Dallas 2010, no pet.) (citing *Clark v. Dedina,* 658 S.W.2d 293, 295 (Tex. App.-Houston [1st Dist.] 1983, writ dism'd)); *see also Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995).  By way of its motion and related attachments, RBC has established that no genuine issue of material fact exists regarding its claim for recovery on the Atasca Oaks Note and the Lake Houston Note and the defendants have failed to offer any evidence to the contrary.  Specifically, RBS has established that:  (1) both the Atasca Oaks Note and the Lake Houston Note exist; (2) each Note was duly signed by the defendants, without any challenges to authenticity having been raised; (3) it is the legal owner and holder of the Atasca Oaks Note and the Lake Houston Note; and (4) that a certain amount remains due and owing on the Notes.  The sworn affidavit of Daniel Reid, a RBC Account Manager with personal knowledge regarding the defendants' account, states that, as of June 30, 2012, a deficiency balance of $312,846.31 remains due and owing on the Atasca Oaks Note and a balance of $370,525.10 remains due and owing on the Lake Houston Note.

In their response in opposition to RBC's motion for summary judgment, the defendants appear to dispute the amount of damages to which RBC alleges it is entitled.  In support of their position, the defendants merely state their general belief that all credits and offsets have not been calculated into the total indebtedness alleged by RBC.  Belief, however, without more is not valid summary judgment evidence and fails to raise a genuine issue of material fact as to the

damages owed. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426–27 (5th Cir. 2000) (stating that a subjective belief that a plaintiff was discriminated against was not enough to raise a genuine issue of material fact).  Here, RBC has generally averred that all proper credits and offsets have been applied to the outstanding indebtedness and supports its statement with an affidavit from Daniel Reid, one of its account managers.  Reid's affidavit specifically details the calculations by which RBC's totals were determined.  Because his affidavit was made on personal knowledge by a person competent to testify on the matters stated, it is acceptable summary judgment evidence.[2]  Fed. R. Civ. P. 56(c)(4).  Further, under Texas law, an affidavit from a bank employee which details the total amount owing on a note is sufficient to sustain an award of summary judgment, even if it does not go through the specific calculations by which the total was determined. *Hudspeth v. Investor Collection Servs. Ltd. P'ship,* 985 S.W.2d 477, 479 (Tex. App.-San Antonio 1998, no pet.).  RBC has, therefore, successfully met its burden under Rule 56.  Accordingly, having examined the summary judgment evidence presented, the Court finds that the defendants have failed to raise a genuine issue of material fact on the issue of damages under the Notes and RBC is entitled to a summary judgment on its deficiency claims against PLD, as borrower under the Notes.

### B.     Liability Under the Guaranties

In order to recover on the guaranty of a note, a plaintiff must show: (1) the existence and ownership of the guaranty contract; (2) the terms of the underlying note; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor. *Nationsbank of Texas v. Oliver Transp. Inc.*, 140 F.3d 1038, 1038 (5th Cir. 1998) (citing *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 8 (Tex. App.-Dallas 1994, no writ)).

---

[2] The defendants' objection to the Affidavit of Daniel Reid is hereby overruled.

RBC's summary judgment evidence demonstrates that there is no disputed issue of material fact as to any of these elements. More specifically, RBC has demonstrated: (1) that the Guaranties exist and it is the rightful owner of them; (2) the terms of the Atasca Oaks Note and the Lake Houston Note and the occurrence of an event of default in that as of June 30, 2012, a deficiency in the amount of $312,846.31 remains due and owing on the Atasca Oaks Note and a deficiency in the amount of $370,525.10 remains due and owing on the Lake Houston Note; (3) that Seiffert's liability under the Guaranties is irrevocable and unconditional; and (4) that the evidence offered in support of its claims indicates that Seiffert, despite notice and demand, has failed to perform his obligations under the Guaranties. The Guaranties at issue in this case expressly provide, in relevant part, as follows:

> Guarantor hereby irrevocably and unconditionally guarantees to Lender (and its successors and assigns) jointly and severally, the payment and performance of the Guaranteed Obligations as and when the same shall be due and payable, whether by lapse of time by acceleration of maturity or otherwise. Guarantor hereby irrevocably and unconditionally covenants and agrees that it is liable, jointly and severally, for the Guaranteed Obligations as a primary obligor, and that each Guarantor shall fully perform, jointly and severally, each and every term and provision hereof.

(*Id.*, App. 3, 10 & 22). Therefore, the defendants, having failed to offer any evidence to the contrary, have failed to raise a genuine issue of material fact with respect to Seiffert's liability under the Guaranties and RBC is entitled to a summary judgment on its deficiency claims against Seiffert.

    **C.**    **Attorneys' Fees**

Finally, RBC maintains that it is entitled to attorneys' fees based on the terms of the Atasca Oaks Note, the Lake Houston Note and the Guaranties. In addition, it argues that § 38.001 of the Texas Civil Practices & Remedies Code permits it to recover an award of

attorneys' fees given its breach of contract claims. The Court agrees that RBC is entitled to recover attorneys' fees and costs based on the terms of the parties' agreements. It appears that the sum requested, $87,910.50, is sufficiently supported by the Affidavit of Justin Whitley and is not disputed. Therefore, the Court awards an attorneys' fee to RBC in the amount of $87,910.50, which the Court determines is reasonable.

### V.    CONCLUSION

Based on the foregoing, RBC's motion for summary judgment is **GRANTED**. Summary judgment on RBC's claims against the defendants based on the Atasca Oaks Note, the Lake Houston Note and the Guaranties is GRANTED. RBC's request for attorneys' fees and costs in the amount of $87,910.50 is also GRANTED. RBC's counsel is instructed to prepare a final judgment and provide a copy of the same to the Court within 10 days.

It is so **ORDERED**.

SIGNED at Houston, Texas this 31st day of August, 2012.

_____
Kenneth M. Hoyt
United States District Judge